IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeffrey L. Jones,                                                    Case No. 3:08CV561

             Plaintiff

      v.                                                         ORDER

Lucas County Sheriff's Office, et al.,

             Defendant.

       This is a civil rights case arising out of the beating of the plaintiff, Jeffrey L. Jones, by defendant Seth Bunke, a former Corrections Officer with the defendant Lucas County, Ohio, Sheriff's Department. Bunke has been convicted of federal criminal charges arising out of the beating.

       Pending is the plaintiff's motion to compel production of medical records relating to Bunke. [Doc. 82].

       The Sheriff's Department [Department] acquired those records prior to and during Bunke's employment with the Department. The records, which the Department has submitted for *in camera*

inspection, will, for purposes of this opinion, be deemed relevant and material with regard to plaintiff's vicarious liability claim against the Department.[1]

Bunke opposes production of the records on the basis of the physician-patient privilege created by O.R.C. §2317.02 .The parties appear to agree that the only question under this provision is whether Bunke waived his right to non-disclosure of privileged information from third-party medical providers.

According to the plaintiff, Bunke waived his rights to confidentiality of the records by signing several releases authorizing disclosure of the information to the Department.

The problem with plaintiff's contention is that the waivers to which he points were limited to disclosure to the Department for purposes of its consideration of his employment application. The releases were not open-ended, but were expressly limited.

This is important – indeed, determinative – because § 2317.02 provides that the privilege applies unless waived. Unless a waiver fits within the statute's waiver provisions, waiver does not occur. As the Ohio Supreme Court stated expressly and emphatically in *In re Miller*, 63 Ohio St. 3d 99, 109 (1992), "If the situation does not meet one of the waivers expressly set forth in the statute, the privilege is not waived."

As Bunke argues, only § 2317.02 (B)(1)(a), relating to express waivers by the patient, arguably applies. To qualify as an express waiver, the waiver at issue must be "voluntary, express,

---

[1] The gravamen of that claim is that the Department was deliberately indifferent and/or otherwise disregarded indications, allegedly to be found, *inter alia*, within the records, regarding Bunke's propensity for violence against persons in his custody or subject to his control. Nothing in this opinion is meant to, or should be taken as any indication of what, in fact, the records contain.

and reasonably specific in identifying to whom the information is to be delivered." *Medical Mutual of Ohio v. Schlotterer*, 122 Ohio St. 3d 181 (2009) (Syllabus).

The Ohio Supreme Court has also made clear, moreover, that a party receiving otherwise privileged materials cannot, consonant with the patient's rights and the limited scope of an express waiver, disclose those materials to someone not covered by the waiver's terms.

The requirement of specificity, the Court stated in *Biddle v. Warren Gen. Hosp.,* 86 Ohio St.3d 395, 407 (1999), "prohibits a party receiving the records from sharing the information with others who are not within the scope of the patient's release." This prohibition against disclosure by a party in possession of records as a result of a waiver by a patient has been held to apply to an employer in possession of employees' medical records. *Wick v. ERB Lumber*, 156 Ohio App. 3d 518, 523 (2004).[2]

I conclude that there is no basis on which to grant plaintiff's motion to compel the defendant Sheriff's Department to produce records obtained by it pursuant to a waiver that was limited to production of those records to it.

Nor can plaintiff circumvent this restriction *via* gaining access to the report of physicians who examined the plaintiff with regard to his fitness for duty. To be sure, the records and reports of such physicians can properly be produced, as they are outside the patient-physician privilege. But

---

[2] I agree with Bunke that the fact that his attorney has reviewed the records does not breach the statutory privilege. *See Medical Mutual of Ohio v. Schlotterer*, 122 Ohio St. 3d 181, 185-86 (2009).

such production cannot encompass disclosure of information found only in the provider records obtained by the Department through Bunke's releases.[3]

        For the foregoing reasons, it is hereby

        ORDERED THAT plaintiff's motion to compel production of medical records in the custody and control of the defendant Lucas County Sheriff's Department relating to defendant Bunke (Doc. 82), be denied, except insofar as defendant shall produce redacted copies of reports and records from non-treating examiners and evaluators.

        So ordered.


                                        s/James G. Carr
                                        James G. Carr
                                        Chief Judge

---

        [3] Thus, reports and records of examinations conducted for purposes of assessing Bunke's fitness for duty must be expunged of privileged material before production to plaintiff.